```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

MCCOY 6 APARTMENTS, LLC,
AUGUSTA APARTMENTS, LLC,
KRISTIAN E. WARNER,
BENJAMIN F. WARNER,
ANDREW M. WARNER, and
MONROE P. WARNER,

        Plaintiffs,

v.     //   CIVIL ACTION NO. 1:10CV54
              CIVIL ACTION NO. 1:10CV55
                (Judge Keeley)
              BANKRUPTCY CASE NO. 09-00304
              ADV. PROC. NO. 10-ap-00026
              BANKRUPTCY CASE NO. 10-00303
              ADV. PROC. NO. 10-ap-00025

CITY OF MORGANTOWN, WV,
DANIEL BOROFF,
DAVID FETTY,
KENNETH TENNANT,
PATRICK PICKENPAUGH,
JASON QUINN,
TERRY HOUGH,
MICHAEL STONE,
DAVID FRIEND, and
TYE POLING,

        Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING-IN-PART AND DENYING-IN-PART DEFENDANTS' MOTIONS TO DISMISS (DKTS. 28, 45) AND DISMISSING AUGUSTA APARTMENTS, LLC, AS A PARTY**

## I. INTRODUCTION

On July 13, 2011, the Court conducted a hearing on the motion of the defendants, the City of Morgantown ("City") and several employees of the City ("Individual Defendants"), to dismiss the complaint of the plaintiffs, McCoy 6 Apartments, LLC ("McCoy"),

**MCCOY 6 APARTMENTS, LLC, et al.,**                    **1:10CV54**
**v. CITY OF MORGANTOWN, WV, et al.**                    **1:10CV55**

### MEMORANDUM OPINION AND ORDER
_____

Augusta Apartments, LLC ("Augusta"), and Kristian, Benjamin, Andrew, and Monroe Warner ("Individual Plaintiffs"), for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The Court entered an order on July 14, 2011, granting that motion in part, denying it in part, and directing further briefing. The parties filed additional briefing, including the defendants' memorandum filed on July 27, 2011, which the Court construed as a supplemental motion to dismiss and to which the Individual Plaintiffs have responded. In this memorandum opinion and order, the Court sets forth its reasoning for granting the initial motion (dkt. 28), in part, and also **GRANTS** the second motion to dismiss (dkt. 45).

### II. FACTUAL BACKGROUND

The Individual Plaintiffs were property owners and developers in the Morgantown, West Virginia area. Their older company, McCoy, owned many rental properties, including a residential building known as Mountaineer Court, while their Augusta company was formed in connection with the development of an apartment complex by that name. The complaint in these consolidated cases was originally filed as adversary proceedings in two related bankruptcy cases, and

**MCCOY 6 APARTMENTS, LLC, et al.,**                                        **1:10CV54**
**v. CITY OF MORGANTOWN, WV, et al.**                                       **1:10CV55**

**MEMORANDUM OPINION AND ORDER**
_____

alleges that the plaintiffs' difficulties with the City and the Individual Defendants began primarily in December 2006, during the construction of the Augusta apartment complex in Morgantown. Compl. at ¶ 29 (dkt. 1, 1:10ap25). Despite the prior approval of apartment development plans by then-Chief Fire Marshal Max Humphries ("Humphries"), the plaintiffs began to face strict enforcement of municipal fire and building codes after Humphries retired and his successor, Fire Chief David Fetty ("Fetty"), was appointed. Id. at ¶ 31.

Nevertheless, the Augusta proceeded to successfully open in August 2007 in time to honor residential leases with students and others returning to West Virginia University for the school year. Id. at ¶ 36. The plaintiffs allege that the City and Individual Defendants' attention then switched to Mountaineer Court, as new inspection actions and code violations were issued on that property as a means to show the plaintiffs who was "in control." Id. at ¶ 37.

Ultimately, these actions forced McCoy to seek out a loan from First United Bank in the amount of $2.4 million as a financial means of making the changes to Mountaineer Court needed to satisfy the Defendants. Id. at ¶ 77. However, the Plaintiffs were unable

3

**MCCOY 6 APARTMENTS, LLC, et al.,**                                  **1:10CV54**
**v. CITY OF MORGANTOWN, WV, et al.**                               **1:10CV55**

**MEMORANDUM OPINION AND ORDER**
_____

to satisfy the demands of the Defendants. Ultimately, control of the Mountaineer Court, at this point condemned and subject to an Imminent Danger Evacuation Order, was reclaimed by McCoy's mortgagee, Fifth Third Bank. Id. ¶ 103-105.

After Fifth Third's seizure of Mountaineer Court on January 5, 2009, and despite two years of work by the plaintiffs attempting conform to the defendants' demands, the bank was able to hire a contractor who, within seventy-two hours, repaired the building in a manner that proved satisfactory to the defendants. Id. at ¶ 106. Following the loss of Mountaineer Court, McCoy and Augusta filed for bankruptcy, causing the Individual Plaintiffs to lose control of their other rental properties.

### III. ANALYSIS

**Count One - Substantive Due Process**

The plaintiffs must demonstrate three elements to prove that their substantive due process rights were disregarded in violation of 42 U.S.C. § 1983:

> (1) that they had property or a property interest; (2) that the state deprived them of this property or property interest; and (3) that the state's action falls so far beyond the outer limits of legitimate governmental action that no process could cure the deficiency.

4

**MCCOY 6 APARTMENTS, LLC, et al.,**                                                    **1:10CV54**
**v. CITY OF MORGANTOWN, WV, et al.**                                        **1:10CV55**

**MEMORANDUM OPINION AND ORDER**
_____

Sylvia Dev. Corp. v. Calvert County, 48 F.3d 810,827 (4th Cir. 1995). Because the claim in this count relates to the Mountaineer Court property (under a theory that the defendants' actions led to Fifth Third seizing the building), neither Augusta nor the Individual Defendants have standing to assert it. With respect to McCoy, the defendants contend that their enforcement of building codes do not constitute a taking or deprivation of property right, and that adequate means of appeal were available to the defendants to protest the actions in the first place.

    Although the plaintiffs argue that no meaningful administrative appellate review was available, they also concede they never filed any action in state court seeking to modify the City's requirements or to enjoin the allegedly overzealous inspectors. The City and the Individual Defendants have the right to issue code violations and assess fines or condemn property as declared by West Virginia statute. See W. Va. Code § 8-11-1(a)(2). Thus, their actions were not "so far beyond the outer limits of legitimate governmental action" as to constitute a violation of McCoy's due process rights. The Court therefore **GRANTS** the motion to dismiss and **DISMISSES** Count One as to all parties.

**MCCOY 6 APARTMENTS, LLC, et al.,**                     **1:10CV54**
**v. CITY OF MORGANTOWN, WV, et al.**                    **1:10CV55**

**MEMORANDUM OPINION AND ORDER**
_____

**Count Two - Equal Protection**

The plaintiffs also seek relief under 42 U.S.C. § 1983 for a violation of their equal protection rights. More specifically, the plaintiffs' allegations concern a "class of one" equal protection claim. Once again, the plaintiffs allege no factual support for any harm suffered by Augusta or the Individual Plaintiffs, and dismissal of their claims on this count is proper. However, the Court denies the motion as to McCoy because the complaint provides a factual basis for the claim by showing the disparate treatment between McCoy and Fifth Third Bank by the Defendants when the different parties controlled the exact same property.

A plaintiff effectively pleads a "class of one" equal protection claim when she "alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Grace Olech, a homeowner, brought suit against the Village of Willowbrook when it required her to have a 33-foot easement in comparison to the 15-foot easement required of other owners. Id. at 563. Olech claimed that the easement was an "irrational and wholly arbitrary" demand of the municipality. Id. The district court dismissed Olech's claim under

**MCCOY 6 APARTMENTS, LLC, et al.,**                                           **1:10CV54**
**v. CITY OF MORGANTOWN, WV, et al.**                                    **1:10CV55**

**MEMORANDUM OPINION AND ORDER**
_____

Fed. R. Civ. P. 12(b)(6), but the Court of Appeals for the Seventh Circuit reversed. Id. at 564. The United States Supreme Court agreed, and Olech was permitted to continue her "class of one" equal protection claim. Id. at 566.

Because there are no allegations in the complaint which suggest that the Individual Plaintiffs and Augusta were unequally treated when compared to any other similarly situated person or entity, the Court grants dismissal of their claims of equal protection. McCoy, however, has asserted enough facts to sustain a "class of one" equal protection action by alleging a unique situation in which Fifth Third Bank, the successive possessor of the same property, was treated differently, without reason, by the City and the Individual Defendants. These are sufficient facts to survive a 12(b)(6) motion under Olech. In conclusion, the Court **GRANTS** the Defendants' motion to dismiss the equal protection claims of Augusta and the Individual Plaintiffs, but **DENIES** the motion with respect to McCoy.

**Count Three - Malicious Prosecution**

Under West Virginia law, "[a]n action for malicious prosecution must be brought within one year of the termination of the action alleged to have been maliciously prosecuted." Syl. Pt.

**MCCOY 6 APARTMENTS, LLC, et al.,**                                    **1:10CV54**
**v. CITY OF MORGANTOWN, WV, et al.**                                   **1:10CV55**

**MEMORANDUM OPINION AND ORDER**
_____

1, McCammon v. Oldaker, 516 S.E.2d 38 (W. Va. 1999). None of the allegations in the complaint occurred within one year of its filing on March 2, 2010. Thus, the Court **GRANTS** the motion to dismiss this claim and **DISMISSES** Count Three as to all parties.

**Count Four - Abuse of Process**

Similarly, abuse of process is subject to a one-year statute of limitations. Syl. Pt. 3, Preiser v. MacQueen, 352 S.E.2d 22 (1985). Because it is undisputed that the plaintiffs' interactions with the defendants ended more than one year before their lawsuit was filed, the Court **GRANTS** the motion to dismiss this claim and **DISMISSES** Count Four as to all parties.

**Count Five - Procedural Due Process**

As already noted, the plaintiffs concede that they failed to file any action in state court to object to the defendants' allegedly improper and discriminatory conduct. They thus have failed to show that their rights to procedural due process were violated. The Court therefore **GRANTS** the motion to dismiss this claim and **DISMISSES** Count Five as to all parties.

**Count Six - Inverse Condemnation**

Again, the complaint supports this cause of action only as to McCoy, which argues that the defendants' regulatory and inspection

8

**MCCOY 6 APARTMENTS, LLC, et al.,**                                                            **1:10CV54**
**v. CITY OF MORGANTOWN, WV, et al.**                                             **1:10CV55**

**MEMORANDUM OPINION AND ORDER**
_____

actions, including the declaration of a nuisance, so deprived the company of the ability to make use of its property as to constitute a compensable governmental taking. A regulatory taking occurs "when a regulation deprives an owner of 'all economically beneficial uses' of his land." <u>Tahoe-Sierra Pres. Council v. Tahoe Reg'l Planning Agency</u>, 535 U.S. 302, 330 (2002)(quotation omitted).

While the City, as noted above, has the statutory authority to enforce building and fire codes and issue condemnation orders for properties considered a nuisance, McCoy alleges that inspectors had no valid basis for doing so, or alternatively did so in an extreme and unwarranted fashion. As a result, McCoy temporarily lost the ability to rent its apartments, and ultimately lost control to Fifth Third.

Taken in the light most favorable to McCoy, these allegations establish a prima facie case of a regulatory taking. Thus, the Court **DENIES** the motion as to McCoy's claim, but **GRANTS** the motion as to Augusta and the Individual Plaintiffs, and **DISMISSES** Count Six as to their claims.

**Count Seven - Negligence**

Under W. Va. Code § 29-12A-5(a), municipalities, such as the City, and officers, such as the Individual Defendants, are immune

9

**MCCOY 6 APARTMENTS, LLC, et al.,**                                                  **1:10CV54**
**v. CITY OF MORGANTOWN, WV, et al.**                                      **1:10CV55**

**MEMORANDUM OPINION AND ORDER**
_____

from negligence claims arising from their official actions, including those of the type asserted here:

> (9) Licensing powers or functions including, but not limited to, the issuance, denial, suspension or revocation of or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval order or similar authority;
>
> (10) Inspection powers or functions, including failure to make an inspection, or making an inadequate inspection, of any property real or person, to determine whether the property complies with or violates any law or contains a hazard to health or safety;

All of the plaintiffs' negligence claims are within the scope of this broad grant of immunity. Thus, the Court **GRANTS** the motion as to these claims and **DISMISSES** Count Seven with prejudice as to all parties.

**Count Eight - Outrage**

As corporate entities, McCoy and Augusta concede that they cannot maintain an action for the tort of outrage, also known as intentional infliction of emotional distress. The Individual Plaintiffs, however, have pled facts supporting this claim adequate to survive a motion to dismiss.

In West Virginia, a plaintiff must show the following four elements to sustain a claim of outrage:

> (1) that the defendant's conduct was atrocious,

**MCCOY 6 APARTMENTS, LLC, et al.,**                        **1:10CV54**
**v. CITY OF MORGANTOWN, WV, et al.**                       **1:10CV55**

**MEMORANDUM OPINION AND ORDER**
_____

>   intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2)that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Kowalyk v. County Comm'n, No. 5:08CV181, 2011 U.S. Dist. LEXIS 1375, at *25-26 (N.D.W. Va. Jan. 6, 2011).

The Individual Plaintiffs allege that the defendants engaged in a vindictive campaign to destroy their businesses and personally ruin them. They claim that the inspectors took such actions as to make compliance impossible, not for any legitimate purpose but out of spite and personal animosity. As a result, they claim they have suffered humiliation, embarrassment, mental anguish and severe emotional distress.

At the pleading stage, such allegations are sufficient. Thus, the Court **DENIES** the motion to dismiss Count Eight as to the Individual Plaintiffs, but **GRANTS** the motion as to McCoy and Augusta. The Court further agrees with the defendants that the tort of outrage is subject to a two-year statute of limitations, and thus any claims arising out of the plaintiffs' involvement in the Augusta, which opened in 2007, are time-barred. The claims survive

**MCCOY 6 APARTMENTS, LLC, et al.,**                          **1:10CV54**
**v. CITY OF MORGANTOWN, WV, et al.**                         **1:10CV55**

**MEMORANDUM OPINION AND ORDER**
_____

only as to the allegations related to the Individual Plaintiffs' problems with the defendants regarding the eventual condemnation of Mountaineer Court.

**Count Nine - Negligent Misrepresentation**

The statutory immunity cited above bars these claims, for they relate to the defendants' licensing, inspection, and regulatory functions. See W. Va. Code § 29-12A-5(a). Thus, the Court **GRANTS** the motion to dismiss as to these allegations and **DISMISSES** Count Nine as to all parties.

**Count Ten - Intentional Misrepresentation**

As an initial matter, the Individual Plaintiffs cannot maintain their claim for intentional misrepresentation or fraud. Any loss they suffered was as a result of their interest in the McCoy and Augusta LLCs. Under the West Virginia Uniform Limited Liability Company Act, a member of a limited liability company "is not a [co-owner] of, and has no transferable interest in, property of [that] limited liability company." W. Va. Code § 31B-5-501(a). Thus, they have no standing to assert a claim of fraud.

In any event, the plaintiffs fail to plead a case for fraud under Fed.R.Civ.P. 9 with particularity. As the defendants point out in their reply brief filed on August 18, 2011, not a single

**MCCOY 6 APARTMENTS, LLC, et al.,**            **1:10CV54**
**v. CITY OF MORGANTOWN, WV, et al.**          **1:10CV55**

## MEMORANDUM OPINION AND ORDER
_____

false statement is alleged against any of the Individual Defendants, and as the City can speak only though its employees, no sufficient allegation of misrepresentation is stated. Thus, the Court **GRANTS** the motion to dismiss as to that claim and **DISMISSES** Count Ten.

## CONCLUSION

In summary, only the following claims remain in the case:

- McCoy's claim of denial of its equal protection rights under Count Two;
- McCoy's claim of inverse condemnation under Count Six; and
- the Individual Plaintiff's claims of outrage under Count Eight as to the events related to the eventual closure and loss of the Mountaineer Court property.

All other claims in the complaint are dismissed, and Augusta is **DISMISSED** as a party to this case.

It is so **ORDERED.**

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: August 26, 2011.

                                             /s/ Irene M. Keeley
                                             IRENE M. KEELEY
                                             UNITED STATES DISTRICT JUDGE