IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MCCOY 6 APARTMENTS, LLC,**
**AUGUSTA APARTMENTS, LLC,**
**KRISTIAN E. WARNER,**
**BENJAMIN F. WARNER,**
**ANDREW M. WARNER, and**
**MONROE P. WARNER,**

        **Plaintiffs,**

v.                             **CIVIL ACTION NO. 1:10CV54**

**CITY OF MORGANTOWN, WV,**

**DANIEL BOROFF,**
**Individually and in his**
**capacity as City**
**Manager of the City**
**of Morgantown,**

**DAVID FETTY,**
**Individually and in his**
**capacity as Fire Chief**
**of the City of Morgantown,**

**KENNETH TENNANT,**
**Individually and in his**
**capacity as Chief Fire Marshal**
**of the City of Morgantown,**

**PATRICK PICKENPAUGH,**
**Individually and in his**
**capacity as Deputy Fire Marshal**
**of the City of Morgantown,**

**JASON QUINN,**
**Individually and in his**
**capacity as Deputy Fire Marshal**
**of the City of Morgantown,**

**TERRY HOUGH,**
**Individually and in her**

**capacity as City Engineer
of the City of Morgantown,**

**MICHAEL STONE,
Individually and in his
capacity as Chief Code
Enforcement Officer of
the City of Morgantown,**

**DAVID FRIEND,
Individually and in his
capacity as Code
Enforcement Officer of
the City of Morgantown, and**

**TYE POLING,
Individually and in his former
capacity as Code Enforcement Officer
of the City of Morgantown,**

        **Defendants.**

## MEMORANDUM OPINION / ORDER

On October 21, 2011 Defendants filed a motion for protective order to prevent Plaintiffs from "inquiring into conduct regarding McCoy 6 Apartments. [DE 66].  Plaintiffs filed their response in opposition on October 21, 2011 [DE 67].  Defendants' reply was filed October 24, 2011 [DE 68].

### I
### Relevant Procedural History

The District Judge entered an order [DE 54] on August 26, 2011 dismissing Count One [Substantive Due Process Claims] of Plaintiffs' Complaint as to all parties defendant; dismissing Count Two [Equal Protection Claims of the individual Plaintiffs and Augusta] of Plaintiffs' Complaint  as to all parties defendant;  dismissing Count Three [Malicious Prosecution Claims] of Plaintiffs' Complaint as to all parties defendant;  dismissing Count Four [ Abuse of Process] of

Plaintiffs' Complaint as to all parties defendant; dismissing Count Five [Procedural Due Process Claims] of Plaintiffs' Complaint as to all parties defendant; dismissing the inverse condemnation claims of the individual Plaintiffs and Augusta [Count Six of Plaintiffs' Complaint] as to all parties defendant; dismissing Count Seven [Negligence Claims] of Plaintiffs' Complaint as to all parties defendant; dismissing McCov 6 and Augusta Claims of Outrage [Count Eight] as to all parties defendant; dismissing Count Nine [Negligent Misrepresentation Claims] as to all parties defendant; and, dismissing Count Ten [Intentional Misrepresentation Claims] as to all parties defendant.

The sole claims left are: McCoy 6's Count Two claims of Equal Protection against all parties defendant; McCoy 6's Count Six claims of Inverse Condemnation against all parties defendant; and the individual Plaintiffs' claims of Outrage against all parties defendant [Count Eight].

## II
### Contentions

**Defendants:**
1. Plaintiffs' amended notice of deposition of Dan Boroff for November 3, 2011; noticed deposition of Don Dempsey for November 17, 2011 and Requests Nos. 1, 4, 8, 9, and 10 seek discovery concerning already dismissed claims and is therefore irrelevant and impermissible.

2. Plaintiffs' discovery requests pertaining to McCoy 6's claims of equal protection and inverse condemnation should be made by McCoy 6's attorney, Wendel B. Turner, not counsel for the individual Warner Plaintiffs.

**Plaintiffs [Warners[1]]**
1. Discovery sought is relevant to Warners' claim of Outrage or is reasonably calculated to lead to discoverable information on their claims of Outrage.

---

[1]Only the individual Warner Plaintiffs have responded to Defendants' motion. McCoy 6 represented by Wendell Turner has not.

2. Defendants' failure to prove harm precludes a protective order.

3. Good cause has not been shown to exist for the issuance a protective order.

## III
### Discussion

FRCivP 26(b)(1) provides: " Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)( C )."

FRCivP 26(b)(2)( C ) provides in pertinent part: "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed ... if it determines that:

(i) the discovery sought is unreasonably cumulative or duplicative ...;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

FRCivP 26( c ) provides in pertinent part: "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending .... The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment,

oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;

(B) specifying terms, including time and place for the disclosure or discovery;

(C) prescribing a discovery method other than the one selected by the party seeking discovery;

(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;

(E) designating the persons who may be present while the discovery is conducted;

(F) requiring that a deposition be sealed and opened only on court order;

(G) requiring that a trade secret or other confidential ...; and

(H) requiring that the parties simultaneously file ...."

"District courts, however, have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce. Fed. R. Civ.P. 26(b)(2). The desire to allow broad discovery is not without limits and the court is given wide discretion in balancing the needs and rights of both plaintiff and defendant. Surles v. Greyhound Lines, Inc., 474 F.3d 288, 305 (6th Cir. 2007). See also Trevino v. Celanese Corp., 701 F.2d 397, 406 (5th Cir. 1983) (finding scope of discovery limited only by relevance and burdensomeness). Specifically, the Federal Rules of Civil Procedure instruct district courts to limit discovery where its burden or expense outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C)(iii)." Hughes v. Sears Roebuck and Col, et al, No. 2:09-cv-93 (N.D.W.Va. July 7, 2011).

Fed. R. Civ. P. 26(b)(1) limits the scope of discovery to "any nonprivileged matter that is

relevant to any party's claim or defense...." Information sought by means of the discovery process must be relevant to the issues in action or must be useful in uncovering the existence of information relevant to the issues in the case. In re Cooper Tire & Rubber Co., 568 F.3d 1180, 1189 (10th Cir. 2009). While evidence need not be admissible at trial, "[d]iscovery of matter not reasonably calculated to lead to discovery of admissible evidence is not within the scope of Rule 26(b)(1)." Oppenheimer Fund v. Sanders, 437 U.S. 340, 352, 98 S. Ct. 2380 (1978). Generally, Fed. R. Civ. P. 26(b) enables parties to discover any unprivileged evidence or information relevant to their claim. Fed. R. Civ. P. 26(b)(1).

"In West Virginia, a plaintiff must show the following four elements to sustain a claim of outrage: (1) that the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result form his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it." [DE 54].

In ruling on the motions to dismiss, the District Judge found that "[t]he Individual Plaintiffs allege that the defendants engaged in a vindictive campaign to destroy their businesses and personally ruin them.  They claim that the inspectors took such actions as to make compliance impossible, not for any legitimate purpose but out of spite and personal animosity.  As a result, they claim they have suffered humiliation, embarrassment, mental anguish and severe emotional distress.  At the pleading state, such allegations are sufficient.  Thus, the Court DENIES the motion to dismiss Count Eight as to the Individual Plaintiffs, but GRANTS the motion as to McCoy and Augusta." [DE 54, p. 11].

Based on the Court's August 26, 2011 ruling, while the Count Eight tort of outrage claims of Augusta and McCoy 6 were dismissed and Plaintiffs cannot assert those claims at trial, discovery of conduct by Defendants with respect to actions toward Plaintiffs as the owners and operators of businesses, including but not limited to McCoy 6 and Augusta, which may shed light on the nature of defendants' conduct, the motive or motives behind defendants' conduct and whether defendants' were certain or substantially certain their conduct, individually or in concert, would result in emotional distress to Plaintiffs is relevant for discovery purposes.  It cannot be ignored that even though Augusta and McCoy 6 were  LLC's, the Plaintiffs were the principals of each.

"The prevailing rule in distinguishing a wrongful discharge claim from an outrage claim is this: *when the employee's distress results from the fact of his discharge-e.g., the embarrassment and financial loss stemming from the plaintiff's firing-rather than from any improper conduct on the part of the employer in effecting the discharge, then no claim for intentional infliction of emotional distress can attach.* When, however, the employee's distress results from the outrageous manner by which the employer effected the discharge, the employee may recover under the tort of outrage. In other words, the wrongful discharge action depends solely on the validity of the employer's motivation or reason for the discharge. Therefore, any other conduct that surrounds the dismissal must be weighed to determine whether the employer's manner of effecting the discharge was outrageous."    Hines v. Hills Dept. Storesw, Inc., 193 W.Va. 91, 97, 454 S.E.2d 385, 390 (1994); Hosaflook v. Consolidation Coal Co., 201 W.Va. 325, 336, 497 S.E.2d 174, 185 (1997).  This Court concludes that it is proper from a discovery standpoint to look to any continuum of conduct that led to the specific event as opposed to soley the specific event.  A specific event like discharging an employee may be in and of itself proper, yet the conduct on the journey to that discharge outrageous.

While there may be a continuum of conduct some of which pre-dates the one year statute of

limitations, the running of that statute is "triggered on the date of the last outrageous conduct or threat of outrageous conduct." Travis v. Alcon Laboratories, Inc., 202 W.Va. 369, 384 504 S.E.2d 419, 434 (1998). Accordingly, the Court cannot simply pick a date within the prevailing statute of limitations for purposes of limiting discovery.

"Our review of the case law discussing the tort of outrageous conduct illustrates that it is a difficult fact pattern to prove. A certain level of outrageousness is required, as explained in the Restatement (Second) of Torts, *supra,* but it is almost impossible for this Court to define what will make a case of outrageous conduct. Instead, we define what it is not on a case-by-case basis." Hines v. Hills Dept. Stores, Inc., *Supra* at 97, 390.

In the absence of the depositions being taken and responses to certain of the discovery requests being made, the Court is hard pressed to know in advance what will be asked and answered at depositions and what will be revealed by the responses to discovery requests.

Moreover, given that the individual Plaintiffs are the principals of Augusta and McCoy 6, inquiries as to actions taken with respect to the companies they owned in an effort to determine if the actions with respect to the companies were motivated and directed toward them as individuals are appropriate and need not be made solely by the attorney representing Augusta and/or McCoy 6.

Plaintiffs may not litigate the claims already dismissed in discovery. Those matters are ruled on and are left for appeal. Upon review of the discovery requests the Court finds Requests 1, 4, 8 and 10 are not relevant to the issues raised by Plaintiffs' claims of outrage and must be stricken. Accordingly, Requests 1, 4, 8 and 10 are **STRICKEN** and Defendants need not respond to the same. Request 9 may lead to discoverable information or the identity of persons who have discoverable information and therefor is not stricken. Defendants have ten days from the date of this

order within which to respond to Request 9.

The Court does not find that an order is necessary in this case "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." FRCivP 26( c ). The Court does not find that "the [remaining] discovery sought is unreasonably cumulative or duplicative ...; the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FRCivP 26(b)(2)( C ).[2]

Plaintiffs' noticed depositions are not quashed or limited except by the terms of this Order.

## IV
### Decision

For the reasons stated herein, Defendants' Motion for a Protective Order [DE 66] is **GRANTED IN PART AND DENIED IN PART.**

The Clerk is directed to provide notice of the entry of this order to all counsel of record.

The Clerk is further directed to remove DE 66 from the docket of motions actively pending before

---

[2]The Court rejects Plaintiffs' argument that Magistrate Judge Seibert's holding in Hughes v. Sears Roebuck and Co., et al, No. 2:09-cv-93 (N.D.W.Va July 7, 2011) supports Plaintiffs' contention that Defendants' failure to prove harm precludes a protective order and that good cause has not been shown to exist for the issuance a protective order. Magistrate Judge Seibert's ruling dealt not with what is good cause for a protective order with respect to what discovery should be permitted. Instead, his order dealt with to what extend discovery already in hand and being sought should be disseminated. " In determining whether good cause exists to issue a protective order prohibiting the dissemination of documents or other materials obtained in discovery, the movant must make 'a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" [citations omitted] Id. at DE 176, p. 7.

this Court.

Dated: October 25, 2011

                *John S. Kaull*
                JOHN S. KAULL
                UNITED STATES MAGISTRATE JUDGE